IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reashee Lamar Thompson*, #334873,* | ) | Case No.: 4:23-cv-2477-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| J. Ashford, Lt. D. Hastie, and Lt. S. Simon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 16.)  Plaintiff Reashee Lamar Thompson ("Plaintiff" or "Thompson"), proceeding *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983 against Defendants J. Ashford, Lt. D. Hastie, and Lt. S. Simon (collectively "Defendants"), alleging "SCDC worker[s] violated my rights as an inmate," "by [taking] a[n] inmate['s] word over [mine]... They also slander my name." (DE 1-4, pp.  4-6.) Plaintiff alleges he was accused of an inmate assault, had a disciplinary hearing, the disciplinary charge was dismissed, and Plaintiff was placed three doors down from his false accuser despite voicing his preference, and the accuser verbally threatened him.  (Id. at 3-4).  Plaintiff further alleges he is unable to sleep at night because he cannot get his mind "right." (Id. at 6).  For relief Plaintiff seeks monetary damages and requests the court "handle" each individual.  (Id. at 6-7.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Report was issued on July 14, 2023, recommending that this action be dismissed without prejudice and without issuance and service of process because Plaintiff has failed to state a claim upon which relief can be granted.[2]  (DE 16.)  Plaintiff has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 16) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED**.


Florence, South Carolina
September 28, 2023

Joseph Dawson, III
United States District Judge

---

[2]    For example, Plaintiff's repeated, main point of contention is "taking another inmate's words over mine," which is not a violation of constitutional rights.  (DE 1-4, p. 5.)  Even liberally construing, Plaintiff has failed to state a claim for failure to protect against any of the Defendants. A failure to protect claim has two elements: 1) establish he suffered a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" and 2) show that the Defendant had a sufficiently culpable state of mind, specifically a deliberate indifference to inmate health or safety.  Nelson v. Henthorn, 677 Fed. Appx. 823, 826 (4th Cir. 2017).  Plaintiff's allegations are in regard to words only as a threat from another inmate and Plaintiff being falsely accused of assaulting the other inmate himself. Plaintiff's allegations here do not support either element of a claim for failure to protect against the named Defendants.

2

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.